UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 2 5 2014
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MICHAEL TYSON LEE, )
)
Plaintiff, )
)
v. ) Civil Action No. 14-310
)
COVINGTON COUNTY SHERIFF'S )
DEPARTMENT, et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's application to proceed *in forma pauperis* and his *pro se* complaint. The Court will grant the application and dismiss the complaint.

According to the plaintiff, on May 4, 2004, he was arrested in Andalucia, Alabama, and charged crimes he did not commit, namely unlawful manufacturing of a controlled substance, possession of drug paraphernalia, and possession of marijuana. Compl. at 3-6. He allegedly had been detained for 10 months when, based on his "fear of spending several years of his life in prison for a crime he did not commit," he "entered a coerced plea of guilty to obtain his freedom." *Id.* at 8. Apparently because of his criminal conviction, the plaintiff lost a scholarship to attend McArthur Technical College, Social Security benefits, and wages he would have earned but for his incarceration. *See id.* at 9. "Due to the violation of [the plaintiff's] constitutional rights" in the course of his unlawful arrest, imprisonment and conviction," *id.* at 3, the plaintiff has demanded "$1,580,000 . . . for punitive and mon[e]tary damages," *id.* at 10.



3

"[A] criminal defendant may not recover damages under 42 U.S.C. § 1983 for 'harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid' unless 'the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.'" *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996) (citing *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). "The rationale of *Heck* applies equally to claims against federal officials in *Bivens* actions." *Id.* In this case, the Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. If the plaintiff's allegations were proved true, the ruling would undermine the validity of his criminal conviction. Because he has not shown that his conviction or sentence has already been invalidated, this civil rights action for damages must be dismissed.

An Order accompanies this Memorandum Opinion.

DATE: 2/10/14

_____
United States District Judge